UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. **25-CR-155**

[18 U.S.C. §§ 1956, 1957]

ANKURKUMAR BHANUBHAI PATEL,

Defendant.

## INDICTMENT

### Allegations Common to All Counts

**THE GRAND JURY CHARGES THAT:**

At all times material to this Indictment:

1. **ANKURKUMAR BHANUBHAI PATEL**, was a resident of Brookfield, Wisconsin. **PATEL** posed as a "federal agent" to retrieve cash or gold from primarily elderly victims at various times and in various states. **PATEL** also recruited other individuals to operate as couriers or purported federal agents. **PATEL** owned and operated a hotel in Minnesota and a convenience store in Milwaukee. **PATEL** maintained business bank accounts for his businesses at Byline Bank, including a business checking account ending in 5772.

2. Byline Bank was a financial institution for purposes of 18 U.S.C. § 1956(c)(6), headquartered in Chicago, Illinois.

3. A "phantom hacker scam" (PHS) is a type of wire fraud targeting primarily elderly victims wherein a perpetrator, often overseas, poses as a customer service agent at a company or

government agency. The victim is contacted by or induced to contact the purported agent, on the materially false representation that the victim's personal information has been hacked or compromised. The fraudster then refers the victim to a co-conspirator posing as a law enforcement agent who directs the victim to move the victim's funds, usually in the form of cash or physical gold, to a third-party or government account for safe keeping. The co-conspirator then coordinates the transfer of the victim's funds to other PHS participants who act as couriers.

4. WhatsApp is an electronic messaging service owned by Meta that enables users to communicate using text, voice, and video on various platforms including mobile phones. WhatsApp offers end-to-end encryption, meaning messages are visible only to the sender and recipient. Additionally, WhatsApp allows users to permanently delete communications after they have been sent.

5. Victim 1 was an elderly Vietnam veteran living in North Aurora, Illinois. Victim 1 fell prey to a fraudulent PHS when criminal actors purportedly calling from the Federal Trade Commission convinced him that his identity had been stolen. Victim 1 was deceived into liquidating his savings to purchase more than $1 million worth of gold bars, which were to be picked up by a purported federal agent in three tranches. On or about August 1, 5, and 14, 2023, **PATEL** traveled from Brookfield, Wisconsin, to North Aurora, Illinois, to retrieve more than $1 million in gold bars from Victim 1 at his residence, which **PATEL** then transferred to unknown co-conspirators.

6. Victim 2 was an elderly woman living in Sheboygan, Wisconsin. Victim 2 fell prey to a fraudulent PHS when criminal actors convinced her that her computer had been hacked and that she needed to transfer her savings to purported federal agents. Victim 2 was deceived into withdrawing approximately $27,500 in cash from her savings accounts, which was to be picked up by a purported federal agent. On or about September 11, 2023, **PATEL** traveled from

2

Brookfield, Wisconsin, to Sheboygan, Wisconsin, to retrieve $27,500 in cash from Victim 2 at her residence. After retrieving the cash, **PATEL** deposited the cash into his business bank account at Byline Bank and sent confirmation of the deposit of the fraud proceeds to his co-conspirators.

## COUNT ONE
(Money Laundering Conspiracy)

**THE GRAND JURY FURTHER CHARGES THAT:**

7. Beginning by at least June 2023, and continuing through at least September 2023, in the State and Eastern District of Wisconsin and elsewhere,

**ANKURKUMAR BHANUBHAI PATEL**

knowingly combined, conspired, and agreed with other persons known and unknown to the Grand Jury to commit offenses against the United States, namely:

    a. to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce and foreign commerce, which transactions involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of a specified unlawful activity, and knowing, while conducting and attempting to conduct such financial transactions, that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    b. to knowingly engage and attempt to engage, in monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, while knowing that the transaction involved criminally derived property, and which monetary transaction involved

3

criminally derived property of a value great than $10,000, such property having been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343, in violation of Title 18, United States Code, Section 1957(a).

## MANNER AND MEANS

8. **PATEL** used the following manner and means, among others, to accomplish the objectives of the conspiracy:

   a. **PATEL** and others posed as federal agents or otherwise legitimate couriers for the purpose of retrieving the proceeds from victims of PHS wire fraud.

   b. **PATEL** traveled to various locations, sometimes across state lines, to places where victims would hand over the proceeds of the PHS wire fraud to **PATEL** in the form of cash or gold.

   c. **PATEL** sometimes used rental cars or the vehicles of third parties to pick up proceeds from victims.

   d. **PATEL** would sometimes transport PHS fraud scheme proceeds to other members of the conspiracy at various locations, such as at a gas station or parking lot.

   e. **PATEL** sometimes deposited PHS fraud scheme proceeds into his business bank account at Byline Bank.

   f. **PATEL** communicated with other co-conspirators about PHS fraud scheme proceeds using secure, encrypted electronic messaging platforms such as WhatsApp.

9. Throughout the course of this money laundering conspiracy, **PATEL** collected, transported, and transacted in more than $1 million in proceeds from PHS wire fraud victims.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT TWO
(Unlawful Financial Transaction)

**THE GRAND JURY FURTHER CHARGES THAT:**

10. On or about September 12, 2023, within the United States and in the State and Eastern District of Wisconsin,

**ANKURKUMAR BHANUBHAI PATEL**

knowingly engaged and attempted to engage in a monetary transaction by, through, and to a financial institution, in and affecting interstate and foreign commerce, to wit, a deposit of monetary instruments, namely United States currency, into Byline Bank business checking account ending in 5772, while knowing that the monetary transaction involved criminally derived property, and which monetary transaction in fact involved criminally derived property of a value greater than $10,000 that had been derived from a specified unlawful activity, that is, wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Codes, Section 1957.

## FORFEITURE NOTICE

1. Upon conviction of the offense in violation of Title 18, United States Code, Section 1956, set forth in Count One of this Indictment, or the offense in violation of Title 18, United States Code, Section 1957, set forth in Count Two of this Indictment, the defendant, **ANKURKUMAR BHANUBHAI PATEL**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property, including, but not limited to, a sum of money equal to the value of the property involved in the offense or offenses of conviction.

2. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, to include, but not limited to, a residence located at 10 Rugby Court, Glendale Heights, Illinois 60139, and pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), Title 28, United States Code, Section 2461(c), and Title 31, United States Code, Section 5317(c).

Dated: 8-12-25

RICHARD G. FROHLING
Acting United States Attorney